

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------X

KENNETH A. ELAN, individually and on   :   Civil Action No.
    behalf of all others similarly situated,   :

                   :

                Plaintiff,   :

                   :   **CLASS ACTION**

    - against -               :   **COMPLAINT**

                   :

MCAFEE, INC.,            :

                   :

              Defendant.   :   **JURY TRIAL DEMANDED**

--------------------------------------------------------X

## NATURE OF ACTION

1.   Plaintiff Kenneth A. Elan brings this action on behalf of himself and all other persons who purchased McAfee, Inc. software and were subsequently charged renewal fees for automatic renewal subscriptions that they had not agreed to from the present back to the earliest period allowable under the applicable statute of limitations for the claims asserted herein.

2.   The McAfee licensing agreement for the software misleadingly and deceptively indicates that the automatic renewal provision is only applicable to those who have agreed to permit McAfee to automatically renew their subscription to its software. Purchasers of McAfee software, however, are not given the opportunity to agree to an automatic renewal subscription.

3.   Plaintiff and other purchasers of McAfee software over the internet, without their agreement, were unilaterally enrolled by McAfee for automatic renewal subscriptions and charged renewal fees.

4.    Additionally, McAfee did not provide Plaintiff and other New York members of the Class with the requisite notice under New York law and therefore the automatic renewal provision in McAfee's licensing agreement is unenforceable.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction of this matter pursuant to section 1332(d)(2) of the Judicial Code, 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, as there are more than 100 class members, some of whom are not residents of New York, and their damages in the aggregate exceed $5 million (exclusive of interest and costs).

6.    Venue is proper in this Court pursuant to section 1391 of the Judicial Code, 28 U.S.C. § 1391, because Plaintiff's transactions with McAfee at issue here occurred in this district, and McAfee transacts a substantial amount of business in this District.

## PARTIES

7.    Plaintiff Kenneth A. Elan is a New York resident.  Plaintiff purchased McAfee software with an accompanying licensing agreement containing an automatic renewal provision.

8.    Defendant McAfee is a Delaware corporation headquartered at 3965 Freedom Circle, Santa Clara, California 95054.  McAfee describes itself as the world's largest dedicated technology company that delivers proactive and proven solutions and services that help secure systems and networks around the world, allowing users to safely connect to the Internet, browse and shop the web more securely.  McAfee represents that its protection

software enables users to surf the web, send e-mail, and shop and bank online without worrying about viruses, spyware, spam, phishing scams, hackers and identity theft.

## CLASS ACTION ALLEGATIONS

9.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class, consisting of all persons who purchased McAfee software and were subsequently charged renewal fees for automatic renewal subscriptions that they had not agreed to from the present back to the earliest period allowable under the applicable statute of limitations for the claims asserted herein.

10.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of class members is unknown to Plaintiff, Plaintiff believes there are thousands of members of the Class.  Members of the Class may be identified from records maintained by the Company and may be notified of the pendency of this action by mail, using the form of notice similar to that generally used in class actions.

11.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are the following:

(a)    Whether Defendant violated California consumer protection act §17500;

(b)    Whether Defendant breached its licensing agreement;

(c)    Whether Defendant breach its implied covenant of good faith and fair dealing;

(d)    Whether Defendant's conduct constitutes fraud and deceit;

3

(e)   Whether Defendant violated New York General Business Law §349;

(f)   Whether Defendant violated New York General Obligations Law § 5-903;

(g)   Whether the automatic renewal provision of Defendant's licensing agreement is enforceable against Plaintiff and the other members of the Class; and

(h)   Whether Plaintiff and the other members of the Class suffered damages and, if so, the amount thereof.

12.   Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

13.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it impracticable for class members to seek redress individually for the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## FACTS

14.   Plaintiff purchased McAfee Security Center software, an internet security software, from McAfee.

LICENSING AGREEMENT

15.   McAfee's licensing agreement for use of its software contains an automatic renewal provision which becomes effective only if the customer agrees to such automatic renewal.  However, McAfee has charged and continues to charge customers on an automatic

4

renewal basis although no customer has given his consent.  The provision, which is hidden

in an internal webpage, in pertinent part, provides:

> . . . this Agreement is effective for the term set forth in the Documentation.  If no term is agreed, the default term shall be one (1) year from purchase . . .  *If you have agreed to permit McAfee to automatically renew your subscription to the Software by charging a valid credit card number which you have provided to McAfee, your subscription will be automatically renewed thirty (30) days prior to the expiration of the term and each anniversary thereafter for a fee no greater than McAfee's then current price, excluding promotional and discount pricing.*  . . . you agree that McAfee may continue charging you for any subscription automatically renewed unless you inform McAfee's customer service support department at 1-800-338-8754 . . . not to renew your subscription to the Software at least thirty (31) [sic] days prior to the expiration of your subscription to the Software and informing them of your desire not to have such subscription automatically renewed.

16.    The language of the automatic renewal provision states that automatic renewal

is an option of the purchaser: "*If you have agreed to permit McAfee to automatically renew*

*your subscription* to the Software by charging a valid credit card number which you have

provided to McAfee . . ." (emphasis added).

17.    Despite McAfee's representation, enrollment in the automatic renewal is

compulsory with purchase of McAfee software.  Purchasers are not given the option to

decide if they want an automatically renewing subscription for the software they are

purchasing.

INTERNET SOFTWARE PURCHASE

18.    The "Enter Your Billing Information" page of McAfee's internet checkout process contains *no* option for purchasers to decide if they want an automatically renewing subscription for the software they are about to purchase.  Instead, purchasers are directed to: "Click the Continue button to review and confirm your order before it is processed."

19.    The "Confirm Your Order" page of McAfee's checkout process contains no option for purchasers to decide if they want an automatically renewing subscription for the software they are purchasing.  Instead, purchasers are directed to: "Click the Place Order button to process your credit card and to complete your order."

20.    Finally, the "Print Receipt" page of McAfee's checkout process contains no option for purchasers to decide if they want an automatically renewing subscription for the software they have purchased.

———

21.    On or about April 30, 2009, McAfee charged Plaintiff's credit card $78.85 to renew his McAfee Security Center software without his consent.

22.    On information and belief, Class members have also been charged pursuant to the automatic renewal provision of the licensing agreement without their consent.

23.    Plaintiff was neither served personally nor by certified mail with notice of the automatic renewal provision by McAfee.  On information and belief, Class members were also not served personally or by certified mail with notice of the automatic renewal provision by McAfee.

24.   On June 10, 2009, the New York State Attorney General's Office announced that it had investigated McAfee and another company's automatic renewal practices.  The Attorney General's investigation found that McAfee:

> failed to adequately disclose to consumers that subscriptions would be automatically renewed and that consumers would be charged for subsequent subscriptions.   Information about automatic renewal charges was not clearly disclosed, but was instead hidden at the bottom of long webpages or in the fine print of license agreements.

> The Attorney General's Office received complaints from customers who had bought Symantec and McAfee software over the internet and whose credit cards were later charged for "renewal subscriptions" without their knowledge or consent.  In addition, the investigation also revealed that both Symantec and McAfee made it difficult for consumers to contact the companies to opt out of a renewal or to request refunds for unauthorized credit card charges.

McAfee agreed to pay a $375,000 penalty and change its renewal practices to settle the claims.

## FIRST CLAIM FOR RELIEF
### (Violation of C.A. §17500)

25.   Plaintiff incorporates by reference paragraphs 1 through 24.

26.   Plaintiff and the other members of the Class have been injured and suffered damages by violation of 17500 of California Consumer Protection Act ("CPA"), which, in pertinent part, states:

> It is unlawful for any . . . corporation . . . to dispose of real or personal property or to perform services, . . . or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate . . ., including

7

over the Internet, . . .  any statement, concerning that real or personal property or those services, . . . or concerning the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . .

27.    By reason of the foregoing, McAfee has engaged in acts and practices that were untrue and misleading, and that injured plaintiff and the other members of the Class.  Such acts and practices were likely to mislead a reasonable consumer acting reasonably under the circumstances extant at the time the Plaintiff and the other members of the Class purchased software from McAfee.

28.    By reason of the foregoing, Plaintiff and the other members of the Class have been damaged by McAfee's violation of section 17500 of the CPA, for which they seek the recovery of actual damages they suffered because McAfee willfully and wrongfully violated section 17500, in an amount to be determined at trial.

29.    Plaintiff and the other members of the Class also seek to enjoin those of McAfee's practices that violate section 17500 of the CPA.

30.    Plaintiff and the other members of the Class seek an award of reasonable attorney's fees pursuant to section 17500 of the CPA.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

31.    Plaintiff incorporates by reference paragraphs 1 through 30.

32.    Plaintiff and the other members of the class entered into a Licensing Agreement with McAfee in connection with their purchase of McAfee software.

33.  The Licensing Agreement states:

> If you have agreed to permit McAfee to automatically renew your subscription to the Software by charging a valid credit card number which you have provided to McAfee, your subscription will be automatically renewed thirty (30) days prior to the expiration of the term and each anniversary thereafter for a fee no greater than McAfee's then current price

34.  Plaintiff and the other members of the class did not agree to automatically renew their subscriptions to McAfee software.

35.  McAfee unilaterally renewed the subscriptions without their consent and charged their credit cards, a breach of contract.

36.  As a result of such breach, Plaintiff and the other members of the class have suffered damages.

### THIRD CLAIM FOR RELIEF
### (Breach of Implied Covenant if Good Faith and Fair Dealing)

37.  Plaintiff incorporates by reference paragraphs 1 through 36.

38.  In addition to its express provision, the Licensing Agreement imposed certain implied obligations upon McAfee, including the implied covenants of good faith and fair dealing, which is implicit in every contract.

39.  McAfee's conduct, as detailed above, constitutes a breach of its duty of good faith and fair dealing.

40.  As a result of such breach, plaintiff and other members of the class have suffered damages.

## FOURTH CLAIM FOR RELIEF
### (Fraud and Deceit)

41.  Plaintiff incorporates by reference paragraphs 1 through 40.

42.  McAfee represented to Plaintiff and the other members of the class that only those purchasers who agreed to automatically renew their subscription to the software would be charged automatic renewal fees.

43.  When it made this representation, McAfee knew that software purchased by Plaintiff and the other members of the Class via the internet, without their consent, would be subject to automatic renewal and the accompanying fees.

44.  McAfee conduct constitutes fraud and deceit whereby Plaintiff and the other members of the class suffered damages as a result of these improper charges for renewal fees.

## FIFTH CLAIM FOR RELIEF
### (Violation of N.Y. G.B.L. §349)

45.  Plaintiff incorporates by reference paragraphs 1 through 44.  This claim is asserted on behalf of New York resident purchasers.

46.  Plaintiff and the other New York members of the Class have been injured and suffered damages by violation of section 349(a) of New York General Business Law ("GBL"), which states:

> Deceptive acts or practices in conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

47.  By reason of the foregoing, McAfee has engaged in acts and practices that were deceptive or misleading in a material way, and that injured plaintiff and the other members

of the Class. Such act and practices were likely to mislead a reasonable consumer acting

reasonably under the circumstances extant at the time the Plaintiff and the other members of

the Class purchased software from McAfee.

48.    By reason of the foregoing, Plaintiff and the other members of the Class have

been damaged by McAfee's violation of section 349 of the GBL, for which they seek the

recovery of actual damages they suffered because McAfee willfully and wrongfully violated

section 349, in an amount to be determined at trial.

49.    Plaintiff and the other members of the Class also seek to enjoin those of

McAfee's practices that violate section 349 of the GBL.

50.    Plaintiff and the other New York members of the Class seek an award of

reasonable attorney's fees pursuant to section 349(h) of the GBL.

**SIXTH CLAIM FOR RELIEF**
**(Violation of N.Y. G.O.L. §5-903)**

51.    Plaintiff incorporates by reference paragraphs 1 through 50. This claim is

asserted on behalf of New York resident purchasers.

52.    Plaintiff and the other New York members of the Class purchased software

from defendant McAfee pursuant to a licensing agreement.

53.    New York General Obligations Law §5-903(2), in pertinent part, provides:

> No provision of a contract for service . . . to or for any real or
> personal property which states that the term of the contract shall
> be deemed renewed for a specified additional period unless the
> person receiving the service . . . gives notice to the person
> furnishing such contract service . . . of his intention to terminate
> the contract at the expiration of such term, shall be enforceable

11

> against the person receiving the service, . . . unless the person
> furnishing the service, . . . at least fifteen days and not more than
> thirty days previous to the time specified for serving such notice
> upon him, shall give to the person receiving the service, . . .
> served personally or by certified mail, calling the attention of
> that person to the existence of such provision in the contract.

54.   The licensing agreement contains an automatic renewal provision whereby the agreement would automatically renew for 1-year terms in the event notice of non-renewal was not provided to McAfee within 30 or 31 days prior to expiration of the licensing agreement.

55.   Plaintiff and the other members of the Class have been assessed subscription fees in connection with the automatic renewal of the licensing agreements for their software.

56.   New York General Obligations Law § 5-903 required that McAfee provide Plaintiff and the other members of the Class with notice, either served personally or by certified mail, of the automatic renewal provision in the licensing agreement.

57.   McAfee did not provide Plaintiff and the other members of the Class with the notice required by N.Y. GOL § 5-903.

58.   As a result of McAfee's failure to give the requisite notice, the automatic renewal provision in its licensing agreement is unenforceable against Plaintiff and the other members of the Class.

59.   As a result of such violation, Plaintiff and other New York members of the Class have suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(i)   Certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23; Plaintiff be certified as an adequate representative of the Class; and its counsel appointed Counsel for the Class;

(ii)   Awarding damages in favor of Plaintiff and the other members of the Class against Defendant for the damages sustained by Plaintiff and the other members of the Class as a result of Defendant's wrongdoing in an amount to be established at the trial of this action, plus interest thereon;

(iii)   Awarding Plaintiff and the other members of the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(iv)   Granting Plaintiff and the other members of the Class such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues that are triable before a jury.

Dated:  New York, New York
        March 10, 2010

                            RABIN & PECKEL LLP

                            By: _____
                                I. Stephen Rabin (IR-5058)
                            Joseph V. McBride (JM-3550)
                            317 Madison Avenue, 21st Floor
                            New York, NY 10017
                            Telephone:  (212) 880-3722
                            Facsimile:  (212) 880-3716

                            Attorneys for Plaintiff and the Class